AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

V.

Valder Drayton
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR 08-03-GMS.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
for which a maximum term of imprisonment of ten years or more is prescribed in _____
☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    clear and convincing evidence    a preponderance of the evidence: Defendant is detained because there are no conditions or combination thereof that will reasonably assure defendant's appearance as required or the safety of the community for the following reasons:

1. Nature of the offense: Defendant is charged with possession of a firearm by a felon in violation of 18 USC § 922, a serious potentially violent offense.

2. Strength of the evidence: A weapon was found pursuant to a search warrant when defendant was arrested for possession of crack cocaine. He admitted to possession for the purpose or selling the cocaine intending to use the money to purchase more controlled substances. $664 was found on defendant's person and defendant has been unemployed since 2006. The inventory taken as a result of the search showed that defendant had 15 oz. of MJ, drug paraphernalia (scale and baggies) along with a 9 mm lugar found under a mattress in a room that contained court papers that were the defendant's documents. Defendant admitted that search should render a gun which he purchased in exchange for controlled substances. The drugs and weapon were found in a home where young children resided.

3. Defendant's characteristics: Defendant has a number of FTAs, which for the most part he claims ignorance. He admits that the FTAs in 2004 and 2007 for failure to pay child support, but claims that he appeared for criminal matters. As noted above, he has been unemployed since 2006. Defendant claims that he has been looking unsuccessfully for work. Although he has maintained by living with (and probably off) his girlfriend for the past 6 years, that residence also has young children living there as well. Defendant has been convicted of trafficking in cocaine in 1998 and was found in violation of probation two times for that offense in 2000 and 2004. He is presently in civil contempt for that offense. Defendant was also convicted in 2004 of DUI (substantially reduced from a number of drug offenses) and consumption of a nonnarcotic schedule I substance. He was found in VOP for that offense in late 2004. Defendant wa also convicted of assault 3d in 2004.

FEB 8 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

February 8, 2008
Date

*Signature of Judicial Officer*
Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).